I understand that for the appellant, we have Mr. D'Ambrosio and that you would like to reserve one minute for rebuttal. Is that right? Correct, Your Honor. Okay. Whenever you're ready, Mr. D'Ambrosio. Thank you, Your Honor. Your Honor, we raised three arguments in our brief, and I'm going to address each of those arguments in the order in which we raised them, but most of my time will be spent on the first issue, which we believe is the core issue, and involves the fundamental issue of New York insurance law, and it's potentially dispositive of this entire appeal. And that question is whether there needs to be at least some actual negligence, some fault on the part of the named insured, in this case, Connelly Construction, in order for Federals insured, W&K, to be entitled to additional insured coverage under the Mt. Hawley policy. And we believe that New York law in the Burlington decision makes this negligence trigger very clear, not just in the majority decision, but also in the dissenting opinion of Judge Fahey. In the underlying State court case, the Court granted summary judgment against Connelly and W&K under New York's Labor Law 240, which is statutory liability. It also, importantly, granted summary judgment in favor of Connelly dismissing the Labor Law 200 claim, which is the statutory codification of common law negligence in the context of workplace accidents. Despite the dismissal of the Labor Law 200 claim, the district court nonetheless found that additional insured coverage was triggered. It based it upon that Labor Law 240 violation, which, again, is statutory liability. It's not a finding of fault. So the court, the district court, relied upon language in the Burlington decision relating to other acts or omissions, actionable deed, and said that the violation was a proximate cause and, therefore, it is sufficient to trigger coverage under Burlington. And we submit respectfully, Your Honors, that that is incorrect, that New York law, not just in Burlington but other cases, has made clear that the statutory Labor Law 240 violation is not fault-based. It is an in- Let me ask you, why are we talking about fault? I understand fault in some way to encompass at least more than one concept, but both a causation concept and a negligence, meaning violation of a duty. My understanding is that 240 still incorporates a causation element, does it not? Hang on. Just start with that question. In your view, does it not incorporate a causation element? The violation-  The 240 violation- Can you have a 240 violation without causation? General causation, no. But-for causation, no. There has to be but-for causation. But-for the violation, yes. There has to be but-for causation. You're saying it's but-for causation. But-for causation. And that's exactly what Burlington was addressing, whether the endorsement requires actual negligence or something less. And I submit to you, Your Honors, that the something less, the statutory violation, is insufficient to trigger the coverage, because New York courts have made clear, even before Burlington, that the statutory Labor Law 240 claim is not based upon fault. And in the court of appeals decision- Talking about fault, are we just limited to the causation elements? Because, again, it's not based on fault if you incorporate negligence into it, right? But Burlington says that liability for additional short coverage lies where there is fault. We cited that. It's in my notes. If you give me a second, Judge, I can give you the pin cite to that. The court of appeals specifically held that liability for AI coverage lies where there is fault, Burlington 29, NY 3rd, at 323. And so it's not enough that there be a but-for causation. Yes, Your Honor, I agree with you that the- Burlington interprets the standard phrase about causing as requiring proximate cause. You're saying that it requires more than proximate cause? It requires proximate cause by negligence, Your Honor. The court in Burlington and Judge Fahey- So what does other actionable deed mean? So other actionable deed- That means something- Something more can be. negligence. We submit that it means something more can trigger, like gross negligence or intentional conduct, but something less cannot. That was the entire question before the court of appeals in Burlington. Was there something less than negligence that was sufficient? And the Court said flatly, no. Negligence is required. It took the language caused by and acts or omissions and said, together, those terms equal negligence. So therefore, the proximate cause refers to negligence. Now, your question about whether a violation can be a cause, absolutely, a violation can be a cause, Judge, but it's not sufficient to trigger the negligence that's required under the Burlington standard for AI coverage. But negligence is not required. Negligence is required under Burlington, absolutely. I thought you said more actionable deed. You're saying it's more, but different, than negligence. It can be more than negligence. Conduct that is gross, gross negligence, intentional conduct, that's not negligence. That's something more. But it's all fall-faced. It has to be fall-faced. That's the key component of Burlington. It can't be a statutory violation. Hang on. But what would be the reason? I mean, if you're saying that it means negligence or something else is required in your or other acts, and you're saying the other acts is something more than negligence? I'm saying that's all it could possibly be, because it can't be less. But, Judge, you're saying to be liable, you have to be negligent. And you felt like the statute is saying, it's specifying that, oh, if you're intentional, that counts too? Because negligence is something else. I'm trying, all I'm trying to do, Your Honor, is reconcile that, the language, the quip in that opinion about some other actionable, some other act or omission, what that could possibly mean. But it's certainly not less than negligence. It can't be, because that was the entire point of the Burlington decision was, is negligence required? The Court even says, we have to determine in this case whether the additional insured endorsement is triggered when the name insured is not negligent. They framed it that way. So nothing, it has to be, there has to be a negligence finding. And here, there is none, which leads me to the second point about the court, the district court's rationale. It said that, you know, even though the statutory claim for Labor Law 200 was dismissed, that left open the possibility of common law negligence. And we, our position, Your Honor, is that's flatly wrong on the New Yorkers case. And I can read you a quote from that decision that's directly on point. You cannot have common law negligence when a statutory 200 claim has been dismissed. I could read the quote for you. It's directly on point. It addresses this exact situation, Your Honors. It says, Supreme Court granted summary judgment dismissing plaintiff's Labor Law 200 claim against them, but did not explicitly rule on so much of the motion that was for summary judgment dismissing the common law negligence claim. Because the law is well settled that Labor Law 200 is the codification of the common law duty imposed upon a general contractor to maintain a safe construction site, defendants cannot be liable for common law negligence if they do not violate Labor Law 200. That claim is out. There can never be any finding of negligence against Kennelly. Whether we agree or disagree with that decision, it's over. The appeals have been decided, withdrawn, the case is dismissed. There is no negligence here. So the question is, can something less, like a statutory violation, satisfy it? And we submit that it can't, Judge. I'm going to refer the Court not just to the Burlington case, but the Brown v. Two Exchange-Plaza case from a few years before, exactly dealing with this point, Judge, in a different context. That was in the context of a contractual indemnity claim where the GC was seeking indemnity from the employer. And the GC, just like in this case, was found statutory liable on the 240. And the And under New York law, 5-322, you can't be indemnified for your own negligence. And the Court said no. The Court said absolutely not. And I'm going to read the quote from that decision, too, Your Honors, because it's exactly on this point. Then that is the Brown case. Give me one second. Because it's apropos of this exact issue here. Okay. Here it is. This is from the Brown case. It's 76 N.Y. 2nd at 179. Liability under 240 is not predicated on fault. It is imputed by statute. A violation of the statute is not the equivalent of negligence and does not give rise to an inference of negligence. So not just Burlington, Your Honors, but the Court of Appeals has said it in the Brown case in the context of contractual indemnity. And I have another case for you, McCarthy v. Turner. That's in the context of common law indemnity, which we all know is based upon equity about negligence. There, the owner was trying to say that the GC owed a common law indemnity for an injury to a subcontractor's worker. And the basis of that was, well, you were directing and controlling the site. And the Court of Appeals in that case, again, rejected this idea that just control just because you're a general contractor and you have the title and you can be found violation of 240, imputed by the statute, and you could direct and control the site, that does not give rise to an inference of negligence. It's –  Mr. D'Ambrosio, I think we have your argument. Thank you. You have reserved a minute for rebuttal. Let's hear from Mr. Stein for the appellee. Thank you, Your Honor. Adam Stein for Federal Insurance Company. Justice Maldini, you have it exactly right on the Burlington question. The statute – excuse me. The decision explicitly reads out the notion that negligence alone, an adjudicated finding of negligence, is required in order to – as a predicate for additional insured coverage. The statute – excuse me. The case is quite clear that other acts or omissions also would qualify. Yes. So I guess that's the question is when they talk about other actionable deed. Correct. Your opponent reads that as including things that are worse than negligence. I think he said gross negligence or I suppose an intentional act. How do you read – Well, it may well, but I don't think it's limited to that, certainly. So what do you interpret that to? Your Honor was right. The decision is not focused so much on negligence but rather on proximate cause. And it got to the proximate cause point by analyzing the difference in two different types of insurance policy language. One of them is the language that we have in this case and which was the language that was at issue in Burlington as being the legal equivalent of proximate cause. And there doesn't need to be a single proximate cause for liability to be established.   But it has to be a proximate cause. And the finding under Labor Law 241 incorporates, as the Court has noted, an element of proximate cause as part of the statutory violation. And when the lower court here found and held for liability under 240, it necessarily incorporated that proximate cause element. And here, you know, we're talking about the legal aspect and the legal distinction of proximate cause and but-for causation. But we're not focusing on, and I think we fairly should, on the underlying record of the case. There was no proof entered in this case that anyone other than Connelly had proximate cause for plaintiff's injury. They controlled the job site. There was unrebutted testimony that they supplied the faulty scaffold and that the faulty scaffold and a wobbly wheel was what ultimately caused the plaintiff to fall. So there is evidence here that there is fault-based liability. While it may not have been articulated in the summary judgment decision, there has been another court in reviewing this case in the context of contractual indemnity reviewed the same trial record, Judge Stein, Justice Stein, excuse me, and concluded that, in fact, Connelly was the proximate cause. Its conduct, in fact, was the proximate cause of plaintiff's injury. Now, counsel will point out that that decision in the contractual cause, excuse me, contractual indemnity context was under the arising understander, which is the most liberal standard that we have. But I would submit that that's a distinction without a difference based on what is clearly the case of no evidence in the record to the contrary to rebut any notion that there was fault here on behalf of Connelly and that, therefore, additional and short coverage, that prong for additional and short coverage under the standard in the policy caused in whole or in part was met. So I think that disposes, you know, of the Burlington issue. I don't think it's a real issue here. The Court was crystal clear that, in addition to negligence, you could have some other act or omission. It didn't address at all whether or not an adjudicated finding of negligence was a necessary predicate. And that was an argument that Mount Holly has sponsored in this case up until the reply brief where it has finally acknowledged that the adjudication requirement is not a real one. So I think that, you know, unless the Court has any further questions on Burlington, I'm happy to proceed to the other arguments if the Court finds them necessary. It's your time. I appreciate that. So the other argument that's raised here is that there's an exclusion in this case, the work exclusion, which, under Mount Holly's reading of the policy, would exclude liability for exterior work above two stories and because, in this case, according to Mount Holly, part of the renovation here was the creation of an atrium space, where they opened up a portion of the building and then created an atrium, that that converts this project into one that involved exterior work. And because the accident occurred on the sixth floor of the building, that that satisfies the excess of two stories requirement. Now, again, it's a counterfactual argument. There is unrebutted testimony in the record by the plaintiff that when he was working here, he was in an interior space. He was at the back of the renovation. He was not exposed to the open air. Weather had nothing to do with his slipping off of the scaffold. And there is also other testimony by others, his supervisor, and even from Connelly himself, that there was no, that the job itself did not involve any exterior work, which under any common definition would involve working outside of the building. So there's no evidence in the record to support that. And the cases all, you know, the cases that we rely on are, in fact, three cases in which Mount Holly was sponsoring the same or very similar arguments. They were rejected each time. It's the location of the work that controls. And in this policy, it was only the work above two stories, exterior work, that would be excluded. Again, it was interior in nature. The other cases that, you know, that we cite involve an exclusion for both work and projects above two stories. So arguably a broader exclusion. And in those cases, the court again rejected the notion that simply because a project may have involved exterior work, that that somehow permits the exclusion to apply regardless of the location of the work at the actual time of the accident. And, again, here there is an unrebutted record to show that the work was interior in nature. And for all of the reasons articulated in each of those decisions, the position here is that that exclusion also is not and should not be a bar to coverage. So I think those are the main arguments. There's a certification argument here, which I don't think we need to get into. And there's an allocation argument, which I also similarly believe there's no merit. And if the court has any further questions on any of these issues, I'm more than happy to entertain them. No. Thank you very much.  We have your argument. And, Mr. D'Ambrosio, you have reserved one minute for rebuttal. If there's anything that your adversary said that you'd like to respond to. Thank you, Your Honor. We are going to keep it to a minute. Yes. So on Burlington, Your Honor, I'm just going to submit one thing, one further point about why negligence is required, why the fault is required, and how this doesn't make any sense to allow a Labor Law II violation to qualify. Did you say why negligence is? Why negligence is a required trigger. It's a required trigger. Every Federal and State court that has interpreted Burlington since it's come out has indicated and acknowledged that it has a negligence trigger. But more importantly, Your Honors, W&K, the one who's seeking the coverage here, had the same violation. The statute is liable on the 240. The same violation cannot serve to relieve one party, W&K, from negligence fault and then serve as the actual fault for the other party, Connelly. It makes no sense. And also, not every contractor is going to be liable under Labor Law 240. It's only general contractors. So for every other contractor, you've got to actually find negligence. So it's not a workable test. It doesn't make any sense. Quickly, with respect to the exclusion, if I may, the point here is that the New York State court has said this particular exclusion is clear and unambiguous. It's a question of applying objective facts to it. We don't look at subjective intent. And our position is that the district court applied subjective intent about what was really intended. And if it's clear and unambiguous, Damon Douglas, a case that they cite against us, in that case, the individual was on the first floor. So they said, oh, even though other workers may have been above two stories, he wasn't. And as counsel said, we look at where the injured worker was when he got hurt. We say objectively it's an exterior space. It's open to the elements. It doesn't matter what type of work he's doing. Painting, electrical, HVAC, all types of work can be inside or outside. What was he doing? He was in that area. So determining whether he was doing drywall and saying it's interior, because that's generally interior, we say it's wrong. That's subjective intent again. And I think the court reached its conclusion because it's like a random or an odd result. But we don't rewrite the policy because we have an odd result. You know, we stick to the language. And the court in New York has said that language is clear and unambiguous. Thank you, Your Honors. Thank you very much to both counsel. We will take the case under advice.